[Cite as *State v. Clinkscale*, 2016-Ohio-773.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 MA 57 |
| VS. | ) | |
| | ) | OPINION |
| BRUCE CLINKSCALE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Court of Common
                                   Pleas of Mahoning County, Ohio
                                   Case No. 2014 CR 633-A

JUDGMENT:                          Affirmed

APPEARANCES:
For Plaintiff-Appellee             Attorney Paul Gains
                                   Mahoning County Prosecutor
                                   Attorney Ralph Rivera
                                   Assistant Prosecutor
                                   21 West Boardman Street
                                   Youngstown, Ohio 44503

For Defendant-Appellant            Attorney John Falgiani, Jr.
                                   8872 East Market Street
                                   P.O. Box 8533
                                   Warren, Ohio 44484

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

                                   Dated: February 24, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Bruce Clinkscale, appeals the judgment of the Mahoning County Court of Common Pleas in which he was sentenced to two years of prison consecutive to a prison term of fifteen years that he was currently serving from previous convictions. Clinkscale asserts his sentence should not have been imposed consecutive to his current prison term and moreover is disproportionate to his offense and his co-defendant's sentence. Because the record demonstrates that the trial court adhered to the felony sentencing statutes, the trial court's judgment is affirmed.

{¶2} In 2010, Clinkscale pled and was sentenced to fifteen years in prison by the Mahoning County Court of Common Pleas in consolidated cases from 2006 and 2007. While serving this sentence at the Ohio State Penitentiary in Youngstown, Ohio, Clinkscale and his wife Adrial were indicted by a grand jury for conveying drugs of abuse onto the grounds of a governmental facility, R.C. 2921.36(A)(2)(G)(2), a third degree felony.

{¶3} Adrial pled guilty and the State recommended a community control sanction; the trial court imposed a four year community control sanction.

{¶4} The State and Clinkscale entered into a Crim.R. 11 plea agreement which provided that Clinkscale would plead guilty and in exchange the State would seek a sentence of two years "no more and no less." There was no indication in the plea agreement whether the sentence was to be served concurrently or consecutively. The sentencing range for this offense is nine to thirty-six months. R.C. 2929.14.

{¶5} At the sentencing hearing the State requested that the sentence be imposed consecutive to Clinkscale's current prison term, arguing that Clinkscale enticed his wife to bring drugs into the prison demonstrating an inability to follow the law, exemplified by the fact he was in prison and committed the instant offense. Although the State noted that there did not appear to be a statutory section dealing with incarcerated offenders and consecutive sentences, the prosecutor argued that the trial court should take the opportunity to send a message to deter other offenders and protect the community and correction officers. The State noted that if Clinkscale

was given a concurrent sentence it would send a message to prisoners that there are no ramifications for criminal offenses committed while incarcerated.

{¶6} Defense counsel raised two arguments, first that the offense can be punished with probation. Second, Clinkscale is not the first prisoner to commit an offense while incarcerated, therefore the issue is proportionality, especially keeping in mind that his wife and co-defendant received probation, although counsel conceded Clinkscale did have a record. The State countered that this was the first offense for Adrial other than a speeding ticket.

{¶7} The trial court made the following statements during the hearing:

I think there is certainly something to be said for the need for a more severe punishment for a crime that's committed while somebody is already in prison and, basically, for the same reasons that you've just enumerated; if we don't severely punish people who are already in prison committing more crimes, there is nothing to deter that from happening because everybody who is in the same situation where--you basically have nothing to lose, and so unless we, as a society, force you to have something to lose, then there's no motivation for anybody while they're in prison to rehabilitate, to change your ways, to do anything different than what they're in there for, which is continuing to commit crimes.

So I don't believe that the nature of the crime makes it one that suggests that Defendant is amenable to community control, and I also believe that prison is the only appropriate sanction that is consistent with the principles and purposes of sentencing. The Defendant was serving a prison term at the time of the offense. He had previously served a prison term, and the minimum sanction will not accomplish the overriding purpose of felony sentencing without imposing an unnecessary burden on state and local government resources.

* * *

Upon consideration of the oral statements of Defendant, the prosecutor, the presentence investigation report and all of the circumstances of this case, as well as the principles and purposes of sentencing under Revised Code Section 2929.11, and having considered the seriousness and recidivism factors under 2929.12 for the offense of illegal conveyance of drugs of abuse onto the grounds of a governmental facility, a violation of Revised Code Section 2921.36(A)(2)(G)(2), a felony of the third degree, the Court finds that the Defendant previously pleaded guilty to that charge and that he is not amenable to community control. Therefore, Defendant is sentenced to serve a term of two years in prison, to be served consecutive with Case Number * * * 2007 CR 56. The Court finds that the crime was committed while Defendant was under a sanction, and that a single term does not adequately reflect the seriousness of the conduct. The Court also finds that Defendant's criminal history shows consecutive terms are needed to protect the public.

{¶8} The trial court imposed a two-year prison term to be served consecutive to Clinkscale's current fifteen-year prison term, finding in the sentencing entry:

The Court has reviewed ORC 2929.11, 2929.13, and 2929.14 as it applies to Defendant.

The Court considered the record, oral statements, and the principles and purposes of sentencing under Ohio Revised Code 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12. The Court find that Defendant is not amenable to a community control sanction and prison is the only sanction consistent with the principles and purposes of sentencing that does not place an unreasonable burden on the State and Local resources.

\* \* \*

The Court finds in this matter consecutive sentences are necessary to protect the public from future crime and to punish the offender and; that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public and; the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶9}** Clinkscale asserts in his sole assignment of error:

The trial court abused its discretion and acted contrary to law in imposing a consecutive sentence upon Appellant.

**{¶10}** This Court is currently split as to the standard of review to apply in felony sentencing cases. See *State v. Hill*, 7th Dist. No. 13 MA 1, 2014–Ohio–919 (Vukovich, J., Donofrio, J., majority with DeGenaro, J., concurring in judgment only with concurring in judgment only opinion), which applied the two-part test set forth in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, and *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015–Ohio–1359 (Robb, J., DeGenaro, J., majority with Donofrio, J. concurring in judgment only with concurring in judgment only opinion) which applied R.C. 2953.08(G) and limiting appellate review of felony sentences to determining whether they are clearly and convincingly contrary to law. The issue is currently before the Ohio Supreme Court. *State v. Marcum*, 141 Ohio St.3d 1453, 2015–Ohio–239, 23 N.E.3d 1453. Regardless of which standard of review is applied here, the outcome is the same.

**{¶11}** R.C. 2929.14 provides a trial court may impose consecutive sentences upon an offender if the court makes three statutory findings:

[T]hat the consecutive service is necessary to protect the public from

future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶12} The findings must be made both at the sentencing hearing and in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. However, a trial court need not state reasons to support its findings nor is it required to use any "magic" or "talismanic" words, so long as it is apparent that the court conducted the proper analysis. *State v. Jones*, 7th Dist. No. 13 MA 101, 2014-Ohio-2248, ¶ 6. "Pursuant to *Bonnell*, this court must also determine whether the record contains evidence in support of the trial court's findings." *State v. Correa*, 7th Dist. 13 MA 23, 2015-Ohio-3955, ¶ 76.

{¶13} Both sides were given the opportunity to make statements to the court.

The prosecutor's argument included references to the consecutive sentencing factors, specifically that Clinkscale was in prison and still broke the law, and that the court should take the opportunity to send a message to deter other incarcerated offenders. The trial court acknowledged these arguments, stating; "I think there is certainly something to be said for the need for a more severe punishment for a crime that's committed while somebody is already in prison and, basically, for the same reasons that you've just enumerated; if we don't severely punish people who are already in prison committing more crimes, there is nothing to deter that from happening because everybody who is in the same situation where--you basically have nothing to lose[.]" This satisfies the second finding required under subpart (C)(4) that consecutive sentences are not disproportionate to the conduct and the danger posed to the public,.

{¶14} Regarding the first finding required under subpart (C)(4), *supra*, that a consecutive sentence is necessary to protect the public or punish the offender, the trial court satisfied this requirement, stating: "so unless we, as a society, force you to have something to lose, then there's no motivation for anybody while they're in prison to rehabilitate, to change your ways, to do anything different than what they're in there for, which is continuing to commit crimes." Finally, the trial court made the required finding under subpart (C)(4)(c) that the offender's criminal history demonstrates consecutive sentences are necessary to protect the public from future crimes by the offender by stating: "The Court also finds that Defendant's criminal history shows consecutive terms are needed to protect the public." The trial court then memorialized these findings in the sentencing entry.

{¶15} The trial court complied with all applicable statutes in order to impose a consecutive sentence. Furthermore, the two-year prison term imposed for this offense is within the general nine to thirty-six month range applicable for most third degree felonies. Accordingly, this argument is meritless.

{¶16} Clinkscale argues in the alternative that his sentence is disproportionate to the sentence received by his wife, Adrial. "A defendant alleging disproportionality

in felony sentencing has the burden of producing evidence to 'indicate that his sentence is directly disproportionate to sentence given to other offenders with similar records who have committed these offenses." *State v. Williams*, 7th Dist. No. 13MA125, 2015-Ohio-4100, at ¶ 52 (citing *State v. Wilson*, 8th Dist. No. 99331, 2013–Ohio–3915, ¶ 16). In *Williams,* the appellant argued that his sentence was disproportionate to three other defendants who committed similar offenses. While this Court found that the appellant did not provide evidence of similarly situated defendants, this Court also found that he failed to provide evidence that his own sentence was disproportionate. *Id.* at ¶ 52.

**{¶17}** Clinkscale has failed to provide evidence of similarly situated offenders. As such, he has not met his burden to argue disproportionality in that regard. Regarding Adrial, his wife and co-defendant, the record precludes a finding that Clinkscale and Adrial were similarly situated. At the time of the commission of the offense Adrial was not incarcerated in a penitentiary, and except for a speeding violation, she had no criminal record until her conviction in this case. Contrarily, Clinkscale was serving a fifteen-year sentence imposed for multiple convictions. Clinkscale's criminal history is incomparable to Adrial's.

**{¶18}** Accordingly, Clinkscale's sole assignment of error is meritless, and the judgment of the trial court is affirmed.

Waite, J., concurs.

Robb, J., concurs.